**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

Terrence Hunter,

        Plaintiff,

v.

SmartPay Leasing Inc.,

        Defendant.

Case No.:

**COMPLAINT
WITH JURY TRIAL DEMAND**

## PRELIMINARY STATEMENT

This action for damages is based on Defendant's frequent and unauthorized calls to Plaintiff's cellular telephone to collect a purported consumer debt. Plaintiff seeks monetary relief based on Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Georgia Fair Business Practices Act ("GFBPA"), O.C.G.A. § 10-1-393, *et seq.*

## PARTIES

1. Plaintiff, Terrence Hunter, is a natural person who resides in Cobb County, Georgia.

2. Defendant, SmartPay Leasing, Inc., is a Delaware corporation, headquartered in California, and doing business in Georgia.

3. At all relevant times hereto, Defendant acted through its agents, employees, officers, members, directors, and/or representatives.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction over Plaintiff's TCPA claim pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227(b)(3). *See Mims v. Arrow Fin. Serv., LLC*, 132 S. Ct. 740, 753 (2012) (holding federal district courts have federal question jurisdiction over TCPA claims). The Court's jurisdiction over the claim under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., likewise arises under 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5. This Court has personal jurisdiction over Defendant because Defendant frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

6. Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district. Pursuant to LR 3.1B(3), NDGa, venue is proper in the Atlanta Division because the conduct complained of herein occurred in Cobb County, which is in the Atlanta Division.

## FACTUAL ALLEGATIONS

7. Plaintiff is the subscriber for the cellular telephone with the number 404-***-1716 (the "Cell Phone").

8. On or about May 3, 2016, Plaintiff began receiving calls on his Cell Phone from Defendant seeking to collect an allegedly delinquent account from a third party unknown to the Plaintiff. The individual sought by the Defendant is believed to be named April Binns.

9. Defendant's calls to Plaintiff were made from phone number 415-375-0956.

10. Phone number 415-375-0956 is a number that belongs to, is utilized by, or is under the control of Defendant.

11. From no later than May 3, 2016 through May 24, 2016, Plaintiff received at least thirty(30) similar calls from the Defendant.

12. When he answered calls from Defendant, he heard pauses and/or clicks and a delay at the beginning of the calls.

13. Upon information and belief, Defendant used an autodialer and or predictive dialing equipment to make its calls to Plaintiff.

14. Plaintiff never provided consent for Defendant to call him on his Cell Phone.

15. Plaintiff overtly and directly informed Defendant that it was calling a "wrong number" and that this number did not belong to the party it was seeking.

15. Plaintiff overtly and directly informed Defendant that it was calling a "wrong number" and that this number did not belong to the party it was seeking.

16. Subsequent to his revocation of consent, Plaintiff did not provide additional consent for Defendant to contact him.

17. Defendant's calls to Plaintiff had no emergency purpose.

18. Rather, Defendant advised Plaintiff that its calls were for the purpose of debt collection.

19. Plaintiff was unable to avoid or escape Defendant's repetitive calls. Even attempts to "block" the calls still resulted in brief "rings" and other alerts to Plaintiff's Cell Phone.

20. Once Defendant knew that Plaintiff did not wish to be called, there was no purpose for placing additional calls to his Cell Phone other than to annoy, abuse, or otherwise harass Plaintiff.

21. Plaintiff carries his cell phone at most times to be accessible to his family, friends, and work-place. Calls from Defendant have interrupted and interfered with Plaintiff's daily life, including activities of daily living, interactions with family and friends, and work activity.

22. Defendant's campaign of harassing phone calls has caused Plaintiff actual damages, including, but not limited to, the consumption of "minutes" as contemplated in his cellular service plan that has the end result of Plaintiff paying for the calls initiated by Defendant (the "Cell Charges"), depletion of his phone battery, emotional distress—including frustration and aggravation—in managing the persistent calls, and expenses associated with seeking to enforce Defendant's compliance with the law.

## TRIAL BY JURY

23. Plaintiff is entitled to and hereby requests a trial by jury.

## CAUSES OF ACTION

### COUNT I

### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227

24. Plaintiff incorporates by reference paragraphs 1 through 22 as though fully stated herein.

25. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by making repeated phone calls to Plaintiff's Cell Phone, without permission or emergency purpose, and using an autodialer and/or predictive dialing equipment.

26. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff is entitled to recover a minimum of $500.00 for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

27. Defendant knew that it did not have Plaintiff's consent to receive its calls at all. Its repeated calls were, therefore, knowing and/or willful violations of the TCPA.

28. Accordingly, pursuant to 47 U.S.C. § 227(b)(3)(C), Defendant's knowing and/or willful violations of the TCPA entitles Plaintiff to triple the amount of damages to which Plaintiff is otherwise entitled under 47 U.S.C. § 227(b)(3)(B).

## COUNT II

### VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT
### O.C.G.A. § 10-1-393(a)

29. Plaintiff incorporates by reference paragraphs 1 through 22 and 24 through 28 as though fully stated herein.

30. O.C.G.A. § 10-1-393(a) broadly prohibits unfair business practices.

31. It was unfair for Defendant to call Plaintiff's Cell Phone repeatedly when it had actual knowledge that Plaintiff was not the debtor it sought and that it was contacting the wrong telephone number in seeking collection.

32. It was unfair for Defendant to continue to contact Plaintiff after he requested that Defendant stop contacting him.

33. Defendant's actions have interfered with Plaintiff's daily life in a manner that he did not invite, disclaimed, and could not reasonably escape.

34. As pled above, Plaintiff was harmed by Defendant's unfair conduct.

35. Upon information and belief, Defendant regularly uses repeated, unauthorized calls to consumers in its debt collection efforts.

36. Upon information and belief, repeated and unauthorized calls to consumers are Defendant's modus operandi for debt collection and is done on a wide scale.

37. Defendant's conduct amounts to an unfair business practice.

38. Defendant's conduct has implications for the consuming public in general and potential negative impact on the consumer marketplace.

39. Defendant does not maintain a place of business in Georgia and has no assets in Georgia thus relieving the Plaintiff of the Notice and Demand requirement of O.C.G.A. § 10-1-399(b).

40. As a result of Defendant's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

41. As a result of Defendant's willful and wanton violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

42. Defendant's actions were intentional, rendering it liable for treble damages pursuant to O.C.G.A. § 10-1-399(c).

43. Plaintiff is entitled to recover reasonable attorneys' fees and expenses pursuant to O.C.G.A. § 10-1-399(d).

44. Furthermore, because Defendant has acted in bad faith, been stubbornly litigious, and/or caused Plaintiff unnecessary trouble and expense, Plaintiff is also entitled to an award of reasonable attorneys' fees and expenses pursuant to O.C.G.A. § 13-6-11.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for:

    a.) Damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B) & (C);

    b.) Actual damages;

    c.) General, exemplary, and treble damages pursuant to O.C.G.A. §§ 10-1-399(a) & (c);

    d.) Reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k and O.C.G.A. §§ 10-1-399(d) and/or 13-6-11; and

e.) Such other and further relief as may be just and proper.

Respectfully submitted, this 28th day of June, 2016.

>*/s/ Matthew T. Berry*
>Plaintiff's Attorney
>Matthew T. Berry, Bar No.: 055663
>Berry & Associates
>2751 Buford Highway, Suite 600
>Atlanta, GA 30324
>Ph. (404) 235-3334
>Fax (404) 235-3333
>matt@mattberry.com